# ROBERT J. DI GIANNI JR.

*Attorney At Law*
159 20th Street, Suite 1B-20
Brooklyn, New York 11232
T: 718-245-6980/718-245-6985
F: 888-431-9136
rjd@digiannilaw.com

May 5, 2017

**Via ECF**
Honorable Sterling Johnson Jr.
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>Anthony Carty v. City of New York, et al.</u>
             Case No. 2015-CV-04755

To The Honorable Court:

    I represent the Plaintiff, Anthony Carty ("Mr. Carty") in connection with the above matter. I respectfully submit this letter in Reply to the defendants' letter requesting a Pre-Motion Conference. I apologize for the lateness of this letter. During the month of April, I have been opening a new office and unfortunately became inundated in catching up on work, as a consequence of the fact that for most of the month I had technical issues with both computers and internet access. I understand that I should have requested an extension ahead of time and will be sure to do so if this situation arises in the future.

    Plaintiff withdraws his claims for malicious abuse of process, denial of medical treatment and Monell claims.

    Defendants seek to move for partial summary judgment on claims for excessive force, failure to intervene, state law battery, and negligent and intentional infliction of emotional distress. Defendants moves on the grounds that the force used was objectively reasonable or, in the alternative, that they are entitled to qualified immunity. Defendants have failed to show that they are entitled to Summary Judgment.

**Excessive Force - Suffocation**

    There are triable issues of fact regarding whether the defendants at issue are individually liable for excessive force in suffocating Mr. Carty for at least one-half (1/2) hour. For an officer to be granted summary judgment under the law, the issue is whether the police officer's conduct was reasonable under the circumstances. <u>Amnesty Am. v. Town of W. Hartford</u>, 361 F.3d 113, 123 (2d Cir. 2004) (citing <u>O'Bert ex rel. estate of O'Bert v. Vargo</u>, 331 F.3d 29, 37 (2003); <u>Lennon v. Miller</u>, 66 F.3d 416, 426 (2d Cir. 1995).

    There are several facts establishing an excessive force claim against the defendants at issue. Firstly, Mr. Carty alleges that all defendants acted together to pin down his arms and legs in a coordinated effort and common plan to restrict airflow to Mr. Carty's lungs and suffocate him. An independent witness, Clayton M. Howard ("Mr. Howard") testified that Mr. Carty was not resisting

arrest as he was already restrained in handcuffs face down. (Dep. of Mr. Howard at 14:3-23). The defendant officers united together to pin Mr. Carty's extremities to the ground while pressing his face and head at a higher elevation into the step. (Dep. of Mr. Howard at 17:11-21). The defendant officers piled on Mr. Carty "like it was a tackle for a football team" and pinned Mr. Carty down in this manner for approximately one-half (1/2) hour. (Dep. of Mr. Howard at 14:1-3). All the while during such time Mr. Carty was coughing up blood and crying out, "I can't breathe!" (Dep. of Mr. Howard at 15:17-18; 17:19-20). Additionally, Mr. Howard repeatedly told an individual who was an NYPD Lieutenant to tell the officers to lay off applying force to Mr. Carty because Mr. Carty was suffocating under their pressure, repeatedly complaining "I can't breathe." (Dep. of Mr. Howard at 15: 8-25 and 16:18-21). From the officers' testimony, they used their knees to apply pressure on Mr. Carty. (Dep. of P.O. Dawson 51:21-25; 67:20-24)

It is a triable issue of fact whether all officers are liable for acting in concert to knowingly suffocate Mr. Carty when he was not resisting arrest and cause him to suffer pain and fear dying.

**Excessive Force - Punching**

Each officer is liable for excessive force because they each knowingly acted in concert to restrain Mr. Carty so that Mr. Carty would not be able to resist nor avoid as well as to make it easier for and assist Officer Capursi to apply punches and blows to Mr. Carty's head at least ten (10) times (Dep. of P.O. Capursi at 92:23-93:2).

Defendant Officer Capursi is not the only one at fault for punching Mr. Carty in the head. The law undeniably supports a cause of action against the officers at issue for their roles as accomplices in this beating.

The Court has held that an accomplice is just as culpable as the principal when the accomplice gives "assistance or encouragement" which promotes or facilitates the prohibited act. Rosemond v. United States, 134 S.Ct 1240, 1245 (2014). Regardless of whether the accomplice intended to participate in the actual action, they are liable when they take no steps to exit or end participation in the unlawful action. Id. at 1249-50.

As cited in the facts above, all the defendant officers pinned Mr. Carty's extremities to the ground while he was handcuffed behind his back, with his face at a higher elevation on a step. All the while, Mr. Carty was suffocating and the officers knew Mr. Carty was fully restrained and not resisting arrest, as witness on the scene Mr. Howard approached and asked the officers "what do y'all want to do, kill him?" (Dep. of Mr. Howard at 20:7-14).

Similarly, Loving v. New York involved a case where a man pinned the victim while another attacker assaulted the victim, and the Court held that man liable as an accomplice because it was evident that he shared the same intent to injure as the actual attacker, due to his encouragement and aid of pinning the victim. 2007 WL 1825401, *5 (E.D.N.Y. 2007).

Therefore, there is a triable issue as to whether the other officers are liable for excessive force as accomplices to the brutal beating.

**Failure to Intervene**

Each officer engaged in excessive use of force, and if not, then each officer observed each of the other officers suffocate and punch Mr. Carty for a sufficiently long period of time and were in close proximity such that they could have prevented the other officers from suffocating and punching Mr. Carty. Independent witness Howard asked the officers "what do y'all want to do, kill him and a black male officer responded "Yeah, that's right, yup." (Dep. of Mr. Howard 22:2-7).

A failure to intervene claim rests on whether there is a possibility that an officer had sufficient time to intercede or to prevent the harm being caused by another officer. Anderson v. Branen, 17 F.3d 552, 557 (2d Cir. 1994). The courts have found that liability for failure to intervene is only proper where the assault did not happen to quickly for another officer to act. Raffaele v. City of New York, 2017 WL 1040369, *4 (E.D.N.Y. 2017).

Mr. Carty was suffocated for nearly 30 minutes. Mr. Carty was punched by Officer Capursi at least 10 times. Arguably, the first two punches may be too quick to stop in the eyes of the court. However, it is an issue of fact that by the time that five (5) punches were thrown by Officer Capursi, each of the other officers had knowledge of the continuing punches and were within arms length of Officer Capursi with the ability to prevent further punching and suffocation of Mr. Carty.

**State Law Claims: Battery and Negligent and Intentional Infliction of Emotional Distress**

Battery claims are judged under the same "objective reasonableness" standard as an excessive force claim. Crews v. Cty. Of Nassau, 996 F. Supp. 2d 186, 213(E.D.N.Y. 2014). As such, this claim has already been addressed under the previous excessive force analysis.

There are four elements to consider for intentional infliction of emotional distress: "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." Bender v. City of New York, 78 F.3d 787, 790 (2d Cir. 1996). To satisfy the first element, the conduct must be so extreme that it goes beyond all possible bounds of decency, regarded as atrocious, and utterly intolerable in a civilized society. Crews, 996 F. Supp at 213 (citing Martin v. Citibank, N.A., 762 F.2d 212, 220 (2d Cir.1985)). If the conduct is "intentionally directed" at Mr. Carty then the second prong is satisfied. Semper v. N.Y. Methodist Hosp., 786 F. Supp. 2d 566, 588 (E.D.N.Y. 2011). As far as severe emotional distress, Mr. Carty only need to show medical evidence for a reasonable factfinder to consider. Crews, 996 F. Supp at 213.

Here, the officers' conduct of punching Mr. Carty at least ten times, suffocating him for nearly 30 minutes causing him to fear death was so "extreme and outrageous" that it satisfies the negligent and intentional infliction of emotional distress criteria. Mr. Carty has been diagnosed with psychological issues, received treatment for them, and has been prescribed medication to address the emotional pain he has experienced as a result of the defendant officers' assaults. Thus, there is a material issue of fact regarding these state law claim.

Therefore, it is respectfully requested that this Court deny defendants' request as the defendant is not entitled to Summary Judgement.

Thank you.

Sincerely,

Robert J. Di Gianni Jr.